IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KHALIFAH FARUQ                                                                                   PLAINTIFF

v.                                 Civil No. 10-5052

CHIEF OF POLICE JOE
GARRETT, Siloam Springs
Police Department; and
SHERIFF ARNOTT, Greene
County, Missouri                                                        DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Khalifah Faruq, an inmate of the Missouri Eastern Correctional Center, in Pacific, Missouri, has submitted for filing a complaint under 42 U.S.C. § 1983 and an *in forma pauperis* (IFP) application. The clerk is directed to file the complaint and IFP application. Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. Background

In his complaint, Faruq alleges his constitutional rights are being violated by the failure of officials in Benton County, Arkansas, to either afford him a speedy trial or dismiss a warrant for felony theft of property. Faruq has been incarcerated since November 17, 2003, in Greene County, Missouri, on charges unrelated to those at issue in this complaint. On March 22, 2004, Faruq indicates he was notified by Greene County officials that there was a detainer on him

under the name Louis Lamar a/k/a Faruq issued by the Siloam Springs Police Department (warrant hold #SSF-026-03 and case 03F001578).

Since that time, Faruq has taken various steps, outlined in some detail in the complaint and attached exhibits, to have the warrant either served on him so he could be brought to trial or have the warrant recalled. Because of the detainer, Faruq asserts he is being denied participation in various programs. He also asserts that the detainer adversely impacts his elgibility for release to a half-way house.

## II. Discussion

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee but may do so in installments deducted from their inmate accounts. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failing to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The three strikes rule applies to Faruq. He has at least three previous actions that qualify as strikes against him under section 1915(g). *See e.g., Faruq v. Little, et al.*, Civil No. 06-5182 (W.D. Ark. dismissed as frivolous on 1/3/2007); *Faruq v. Little, et al.*, Civil No. 07-3799 (8th Cir. appeal affirming dismissal as frivolous on 1/8/2009); *Faruq v. Greene County Jail, et al.*, Civil No. 6:05-cv-03072 (W.D. Mo. dismissed as frivolous on 5/19/2005); *Faruq v. Schirro, et al.*, Civil No. 5:00-cv-06053 (W.D. Mo. dismissed as frivolous on 6/20/2000). Faruq has also had cases dismissed by virtue of the three strikes rule. *See e.g., Faruq v. Lewis*, Civil No. 6:05-cv-03295 (W.D. Mo. case dismissed on 8/8/2005); *Faruq v. Tobin.*, Civil No. 6:08-cv-03133 (W.D. Mo. case dismissed on 4/30/2008).

There is no allegation in this case that Faruq is currently under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).[1] Therefore, Faruq is not eligible for IFP status.

---

[1] In *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* at 717.

### III. Conclusion

Accordingly, I recommend that Faruq's IFP application be denied pursuant to 28 U.S.C. § 1915(g) and this case dismissed. Faruq should be advised that he may reopen the case on payment of the $350 filing fee and the filing of a motion to re-open. *See Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee).

**Faruq has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Faruq is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of March 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE